# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1265V
UNPUBLISHED

| | |
|---|---|
| MICHAEL VANG,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 9, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jerome A. Konkel, Samster, Konkel & Safran, S.C.,* Milwaukee, WI, for petitioner.

*Traci R. Patton, U.S. Department of Justice,* Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On August 23, 2019, Michael Vang filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered left arm pain, adhesive capsulitis, and disability which satisfies the Table definition for a shoulder injury related to vaccine administration ("SIRVA") or, in the alternative was caused-in-fact by the influenza vaccine he received on December 7, 2017. Petition at 1, ¶¶ 2, 13-14. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 25, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On April 9, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $65,000.00. Proffer at 1. The Proffer does not indicate the exact types of compensation comprising

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

this award. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $65,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MICHAEL VANG,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | No. 19-1265V<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.  Items of Compensation

On February 25, 2021, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. The Chief Special Master issued a Ruling on Entitlement later that day, finding that petitioner was entitled to vaccine compensation for his left-sided shoulder injury related to vaccine administration ("SIRVA"). Based upon the evidence of record, respondent proffers that petitioner should be awarded $65,000.00. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### II.  Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of $65,000.00, in the form of a check payable to petitioner.[1] Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Traci R. Patton
TRACI R. PATTON
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel:  (202) 353-1589
E-mail:  Traci.Patton@usdoj.gov

Dated:  April 9, 2021